## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELLY SALAK NEWELL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 12-6094 |
| | : | |
| WESTRUM HANOVER, LP t/a | : | |
| TRADITIONS OF HANOVER, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **June  21, 2016**

Shelly Newell brought a claim against her former employer alleging retaliation in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.  She claimed that the defendants retaliated against her because she encouraged prospective tenants to exercise their rights, and because she opposed the defendants' alleged discrimination against prospective tenants on the basis of disability.  Following discovery, the parties filed cross motions for summary judgment.  I granted the defendants' motion and denied the plaintiff's motion.  See Newell v. Heritage Senior Living, 12-cv-6094, 2016 U.S. Dist. LEXIS 13416 (E.D. Pa. Feb. 3, 2016).  As the prevailing parties, the defendants filed a motion for attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure and 42 U.S.C. § 3613(c).[1] For the following reasons, I will deny the motion in its entirety.

---

[1] Title 42 of the United States Code, Section 3613(c) provides, in pertinent part: "(1) In a civil action under subsection (a), if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, . . . (2) In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs.  The United States shall be liable

Under what is known as the American Rule, a prevailing litigant is not entitled to collect attorney's fees from the losing party. See Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 U.S. 443, 448 (2007). The Fair Housing Act, however, expressly provides for attorney's fees, and employs the same language as found in 42 U.S.C. § 1988. The standards for awarding fees under 42 U.S.C. § 1988 "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983). Further, the "prevailing party" language of 42 U.S.C. § 3613(c)(2) parallels that of § 1988. Under § 1988, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," but a prevailing defendant "may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 & n.2 (1983) (citing H.R. Rep. No. 94-1558, pp. 1, 7 (1976)); see also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith"). Frivolous, unreasonable, or without foundation, in this context, implies groundless rather than simply that the plaintiff has ultimately lost her case. EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997). These factors "are

_____

for such fees and costs to the same extent as a private person." Here, the defendants specifically bring this motion under 42 U.S.C. § 3613(c)(2).

2

merely guidelines, not strict rules; thus 'determinations regarding frivolity are to be made on a case-by-case basis." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1983)). Importantly, "it is not necessary that the prevailing defendant establish the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Rather the relevant standard is objective." Barnes Found., 242 F.3d at 158.

That strict standard is imposed to prevent a chilling effect on plaintiffs trying to vindicate their civil rights:

> [A]ssessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

Christiansburg Garment, 434 U.S. at 422.

The Supreme Court of the United States has cautioned that a district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment, 434 U.S. at 421-422. The Court further observed that:

> "this kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial.  The law may change or clarify in the midst of litigation.  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id. at 422.

In determining whether an award of attorney's fees is warranted, the Third Circuit has considered such factors as whether the plaintiff established a *prima facie* case; whether the defendant offered to settle; whether the trial court dismissed the case prior to trial; whether the question was one of first impression; and whether the plaintiff risked a "real threat of injury."  Barnes Found., 242 F.3d at 158 (citing L.B. Foster Co., 123 F.3d at 750).

Here, the defendants argue that they qualify as "prevailing parties" entitled to an award of attorney's fees and costs under Section 3613 of the Fair Housing Act following my granting of their summary judgment motion in its entirety.  As support for this motion for attorney's fees, the defendants argue that the plaintiff failed to establish a *prima facie* case for retaliation under the Fair Housing Act, and that she failed to accept their many settlement offers.  While I agree that the defendants are prevailing parties here, I do not agree that they are entitled to an award of attorney's fees under the circumstances of this action.

The evidence that Ms. Newell presented, while inadequate to succeed on summary judgment, illustrated that she believed that the defendants had violated the Fair Housing Act by retaliating against her when she opposed the defendants' alleged discrimination against prospective tenants on the basis of disability.  Moreover, Ms. Newell did not misstate the controlling law or advance a theory clearly contrary to the holdings of any court.  Nothing in this case would lead me to conclude that the plaintiff advanced her claims for improper motives, or simply to harass the defendants.  Instead, this case, like many cases in the judicial system, turned on whether the plaintiff had produced evidence that a jury could have found credible.  Although she ultimately failed, the plaintiff did produce evidence which she reasonably argued demonstrated her claims.

In addition, Ms. Newell clearly established the first two elements of her *prima facie* case and made a good faith showing with respect to the third.  The record indicated that Ms. Newell "raised legitimate issues with respect to" the defendants' written materials and management of the residency application process.  See Newell, 2016 U.S. Dist. LEXIS 13416 at *23.  This result strongly counsels against finding that her complaint was frivolous and/or unreasonable.  Ms. Newell understandably felt that she was the victim of retaliation, and looked to the courts for redress, as is her right.  As Ms. Newell states in her response to the defendants' motion for attorney's fees, "To penalize Ms. Newell for doing so would send entirely the wrong message – specifically, that plaintiffs may only voice legitimate concern about probable violations of the civil rights laws at the risk of financial ruin."  See Document #90 at 12.

Accordingly, I find that the plaintiff neither advanced claims which were "frivolous, unreasonable, or without foundation," nor advanced them in bad faith or for the purpose of harassment.  I will deny the defendants' motion for attorney's fees.

An appropriate Order follows.